UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH ANTHONY BROWN, | ) | 1:12-cv—00146-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITHOUT PREJUDICE (DOC. 1) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE CASE |
| LINDA SANDERS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 13, 2012 (doc. 3). Pending before the Court is the petition, which was filed on January 31, 2012.

    I.  Screening the Petition

    The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2

Here, Petitioner alleges that he is an inmate of the United States Prison at Lompoc, California (USP Lompoc), serving a sentence imposed in the District of Columbia. Petitioner complains of various conditions of confinement that he alleges he experienced while incarcerated at the United States Prison at Atwater, California, as well as at USP Lompoc, including threats and verbal abuse, food poisoning, undue exposure to other inmates, failure to be served breakfast, denial of psychiatric services, and denial of access to recreation and law library services. (Pet. 3, 6-8.) Petitioner alleges that these conditions were retaliatory. He seeks transfer to a contracted prison outside of the Bureau of Prisons to avoid further retaliation. (Pet. 1-3, 6-8.)

Petitioner also complains of procedures and delay relating to a "DHO" hearing, with uncertain references to placement in a locked down facility. (Id.)

II.   Conditions of Confinement

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in

3

a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens; and see, e.g., Cardenas v. Adler, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions that have been brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, 2010 WL 3516358, *3 (No. 1:10-cv-00382-DLB (HC), E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a special

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

management housing unit in connection with a disciplinary violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Pentitentiary, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

Here, Petitioner seeks an order directing his transfer so he may avoid conditions of confinement he alleges are discriminatory and retaliatory. In this respect, his claims concern conditions of confinement that do not bear a relationship to the legality or duration of his confinement. Because these claims relate solely to the conditions of his confinement, it is concluded that the Court lacks habeas corpus jurisdiction over the claims pursuant to § 2241.

III.   Absence of Habeas Corpus Jurisdiction over the Person

Petitioner's allegations concerning a hearing and sanctions are uncertain. Nevertheless, it is possible that Petitioner is seeking to allege facts concerning a disciplinary proceeding that affected the legality or duration of his confinement, and he is raising a claim that would otherwise be within the scope of the Court's habeas corpus jurisdiction pursuant to § 2241. Insofar as Petitioner complains of disciplinary proceedings resulting in sanctions affecting the legality or duration of his confinement, this Court lacks jurisdiction over the person of Petitioner's custodian.

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their

respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. <u>Id.</u>; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446-47 (2004). A failure to name and serve the custodian deprives the Court of personal jurisdiction. <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

Petitioner is confined at USP Lompoc, which is located within the Central District of California. Thus, if Petitioner intends to file a petition pursuant to § 2241 with respect to a claim concerning a disciplinary proceeding that affected the legality or duration of his confinement, Petitioner must file his claim in the Central District because the Eastern District lacks jurisdiction over the person of Petitioner's custodian. Accordingly, any such claim raised in the petition should be dismissed.

IV.   <u>Disposition</u>

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to <u>Bivens</u>. See, <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971).

6

However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." It is established that § 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Here, Petitioner indicates that at the second level of review, investigation by internal affairs is proceeding, and there is no response date. (Pet. 3.)

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named

7

respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's disparate allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing, the Court concludes that the petition should be dismissed without prejudice so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

Accordingly, it is ORDERED that:

1)   The petition for writ of habeas corpus is DISMISSED without prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction over the named Respondent; and

2)   The Clerk is DIRECTED to close the action because the dismissal terminates it in is entirety.

IT IS SO ORDERED.

**Dated:   February 20, 2012**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE